**Harry H. BLAND et al.**

v.

**L'ENFANT PLAZA NORTH, INC., et al.**

**The GEORGE HYMAN CONSTRUCTION COMPANY (Defendant and Third-Party Plaintiff),**

v.

**FISCHBACH & MOORE, INC., Appellant (Third-Party Defendant).**

No. 71–1839.

United States Court of Appeals, District of Columbia Circuit.

Nov. 17, 1972.

---

Messrs. Walter J. Bonner and William H. Seckinger, Washington, D. C., were on the brief for appellant.

Messrs. Francis L. Casey, Jr., and George W. Miller, Washington, D. C., were on the brief for appellee.

Before McGOWAN and MacKINNON, Circuit Judges, and WYZANSKI,* United States Senior District Judge for the District of Massachusetts.

PER CURIAM:

This was originally an action against the George Hyman Construction Co., the general contractor, for damages arising out of personal injuries suffered by Harry Bland, an employee of the subcontractor, Fischbach & Moore, Inc. George Hyman filed a third-party complaint against the subcontractor under the following indemnity agreement contained in the subcontract:

> *Ninth.* The sub-contractor agrees to indemnify and save harmless the Owner and General Contractor against loss or expense by reason of the liability imposed by law upon the Owner or General Contractor for damage because of bodily injuries, including death at any time resulting therefrom; accidentally sustained by a person or persons or on account of damage to property arising out of or on account

---

* Sitting by designation pursuant to Title 28, U.S.C. § 294(d).

of or in consequence of the performance of this contract, whether or not such injuries to persons or damage to the property are due or claimed to be due to any negligence of the Sub-contractor, his employees, his agents or servants.

Following an award of $70,000 in favor of Bland, trial of the third-party complaint resulted in judgment in favor of George Hyman, from which the third-party defendant subcontractor appeals.

Appellant argues that this indemnity provision should be construed to exclude damages clearly resulting from the general contractor's own negligence. The principles to be applied in interpreting such agreements are set forth in our opinions in Moses-Ecco Co. v. Roscoe-Ajax Corp., 115 U.S.App.D.C. 366, 320 F.2d 685 (1963) and Maiatico v. Hot Shoppes, Inc., 109 U.S.App.D.C. 310, 311–312, 287 F.2d 349, 350–351 (1961). Those cases require a finding that this provision amply evidences an intent to encompass these losses. Paragraph "Ninth" is not distinguishable in any meaningful way from the provision under scrutiny in the *Moses-Ecco* case.[1] Appellant's arguments are essentially those of Judge Miller's dissent,[2] and, while this certainly represents a respectable position, we are constrained to follow the reasoning of the majority.

Since the provision provides for indemnity for losses "imposed by law" upon the general contractor for damages "whether or not . . . due to any negligence of the sub-contractor, his employees, his agents or servants," it must necessarily refer to damages arising from the general contractor's own negligence as the only other significant party besides the subcontractor in a position to cause any losses "arising out of or on account of or in consequence of the performance of this contract." Especially in view of the fact that there would be indemnity for any losses resulting from the subcontractor's negligence even in the absence of any contractual provision, to exclude losses caused by the general contractor's negligence would be to adopt an interpretation which would largely strip the clause of any meaning. Appellant also seeks to have us split hairs when he argues that the case should be decided on the ground that the clause only referred to "loss" and not "any loss," and that injuries received while on the job by employees of the subcontractor should be considered as resulting from their mere presence and not as "arising out of . . . the performance of the contract." The common sense of the contract supports the interpretation given by the trial court. For these reasons we conclude that Paragraph "Ninth" requires the subcontractor to indemnify the general contractor for losses caused by the sole negligence of the latter.

Affirmed.

---

1. *Moses-Ecco* dealt with the following provision:

   "The Subcontractor [Moses-Ecco] agrees in the performance of this contract * * * that he will at all times indemnify and save harmless the Owner and the Contractor [Roscoe-Ajax] against any loss, because of injury or damage to persons or property arising or resulting from the performance of this contract, including any and all loss, cost, damage or expense which the Owner and/or Contractor may sustain or incur on account of any claim, demand or suit made or brought against them or either of them by or on behalf of any employee of [Moses-Ecco] * * *."

2. 115 U.S.App.D.C. at 376–378, 320 F.2d at 695–697.